# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

Anthony Galbraith,

               Plaintiff,

    v.

Dr. Michael Miney, et al.,

               Defendants.

Case No. 2:21-cv-00932-RFB-DJA

**Order**

Before the Court is *pro se* Plaintiff Anthony Galbraith's motion for subpoenas (ECF No. 17) and motion for appointment of counsel (ECF No. 24). Because subpoenas are not the proper method for Plaintiff to serve remaining Defendants, the Court denies his motion for subpoenas without prejudice. (ECF No. 17). Because Plaintiff's case is still in the early stages, the Court denies his motion for appointment of counsel without prejudice. (ECF No. 24).

## I.   <u>Discussion.</u>

In his motion for subpoenas, Plaintiff requests seven subpoenas so that he can serve the remaining Defendants. (ECF No. 17). However, subpoenas are not the appropriate way to serve Defendants. There are only three remaining Defendants in this case who have not been served: Dawn Jones, Brittany Caldwell, and Gregory Bryan. The Attorney General's office filed these Defendants' last known addresses under seal because it could not accept service for them. (ECF Nos. 15, 16). Under the Court's screening order, if the Attorney General's office could not accept service for "any of the named defendant(s), Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s)." (ECF No. 13 at 2). Accordingly, if Plaintiff wishes to serve these individuals, he must file a motion identifying which Defendants he wishes to serve, requesting the issuance of a summons, and specifying that the Defendants' addresses are under seal at ECF No. 15. The Court will thus deny Plaintiff's motion for subpoenas without prejudice.

In his motion for appointment of counsel, Plaintiff explains that he has been moved to Southern Desert Correctional Center, but that after a recent escape, he has been denied access to the law library.  (ECF No. 24).  He adds that his case will involve conflicting testimony and that counsel will help him present evidence and cross examine witnesses.  (*Id.*).  Courts have authority to request that an attorney represent any person unable to afford counsel.  28 U.S.C. § 1915(e)(1).  Whether to appoint counsel is within the discretion of the district court and requires a showing of exceptional circumstances.  *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).  To determine whether exceptional circumstances exist, courts consider the likelihood that the plaintiff will succeed on the merits as well as the plaintiff's ability to articulate his claims "in light of the complexity of the legal issues involved."  *Id.*  Neither factor is dispositive, and both must be viewed together.  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In *Kern v. Henry*, the Honorable District Judge Richard F. Boulware appointed counsel to an inmate who asserted that HDSP violated his Eighth Amendment rights by imposing unconstitutional conditions of confinement.  *See Kern*, 2017 U.S. Dist. LEXIS 62435, at *1-4.  The court first found that the inmate's claim was likely to succeed because it had survived summary judgment and would proceed to trial.  *Id.*  It then found that the inmate would have difficulty articulating his claim considering its complexity.  *Id.*  The court explained:

> Plaintiff's Eighth Amendment conditions of confinement claim will involve both nuances of the law as it relates to different aspects of confinement, e.g. exercise and hygiene, and trial preparation in relation to witnesses who are confined (or were confined) with Plaintiff.  While Plaintiff has been able to sufficiently raise genuine issues of material fact for the one claim that is proceeding, this standard is different and less burdensome than what he will face at trial.  The court finds that complexity of the relevant legal issues and requirements for trial preparation in this case warrant the appointment of counsel.

> *Id.*

Here, the Court denies Plaintiff's motion for appointment of counsel as premature.  (ECF Nos. 24).  Plaintiff's case is not yet at the trial stage.  Discovery has just closed, and dispositive motions have yet to be filed.  Additionally, Plaintiff has demonstrated an ability to articulate his

claim sufficiently enough to pass screening.  In the event Plaintiff's claims progress further and the process of litigating his claims may involve the conflicting testimony and cross examination about which Plaintiff is concerned, he may re-file his motion for counsel.  The Court thus denies Plaintiff's motion without prejudice, giving him leave to re-file his motion later.

IT IS THEREFORE ORDERED that Plaintiff's motion for subpoenas (ECF No. 17) is **denied without prejudice.**

IT IS FURTHER ORDERED that Plaintiff's motion for appointment of counsel (ECF No. 24) is **denied without prejudice.**

DATED: February 27, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE